Filed 3/24/16  P. v. James CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT A. JAMES,<br><br>    Defendant and Appellant. | D069142<br><br><br>(Super. Ct. No. SCD105774) |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielson, Judge.  Affirmed.

Mary Woodward Wells, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1995, a jury found defendant and appellant Robert A. James guilty of assault with a deadly weapon (Pen. Code,[1] §§ 245, subd. (a) & 1192.7, subd. (c)(23); count 1); commercial burglary (§ 459; count 2); two counts of petty theft with priors (§§ 484, 666; counts 3 & 4); and misdemeanor simple battery (§ 242; count 5). The court found true two serious felony prior convictions (§ 667, subd. (a)(1)); two prison priors (§ 667.5, subd. (b)); and two serious/violent felony priors (§ 667, subds. (b)-(i)).

The court originally sentenced defendant to three consecutive terms of 25 years to life on counts 1, 3 and 4. (§ 667, subd. (e)(2).) The court imposed 180 days on the misdemeanor battery, time having been considered served, and struck the prison priors and serious felony priors, for a total sentence of 75 years to life.

This court affirmed the judgment. (*People v. James* (Nov. 22, 1996, D023261) [nonpub. opn.].) In so doing, this court ordered defendant's sentence modified to add five years for each of the two serious felony priors. (§ 667, subd. (a)(1).) As such, defendant was resentenced to 85 years to life. The modified judgment was affirmed on further appeal by, and petitions to, this court. (*People v. James* (Nov. 17, 2000, D034933) [nonpub. opn.]; *In re James* (Nov. 17, 2000, D036103) [petn. den.]; and *In re James* (June 10, 2011, D059774) [petn. den.].)

In August 2015, defendant, pursuant to sections 1170.18 and 1170.126, petitioned the court to recall his sentence on counts 2, 3 and 4 stemming from his 1995 convictions.

---

[1] All further statutory references are to the Penal Code.

We note the record specifically shows his petition *excluded* his conviction on count 1 for assault with a deadly weapon (§§ 245, subd. (a) & 1192.7, subd. (c)(23)).

The record shows the court *granted* defendant's petition to reduce the three theft-related felony convictions on counts 2, 3 and 4 to misdemeanors under section 1170.18. As a result, the court resentenced defendant to an aggregate term of 35 years to life, after the court reinstated his sentence of 25 years to life on count 1 and imposed five-year terms for each of his serious felony priors.

Defendant timely appealed from the order *granting* his motion.  Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appointed counsel filed a brief on behalf of defendant setting forth the key facts of the case and requesting we review the entire record.  In addition, pursuant to *Anders v. California* (1967) 386 U.S. 738, appointed counsel set forth the following possible, but not arguable, issues to assist us in conducting our *Wende* review, including whether the court erred in "ruling" defendant was ineligible for resentencing on count 1 pursuant to section 1170.126.

On our own motion, we gave defendant 30 days to file a brief on his behalf with this court.  Defendant in fact filed a supplemental brief, which we have read and considered in connection with his appeal.  Affirmed.

## DISCUSSION

On November 6, 2012, California voters approved the Three Strikes Reform Act of 2012 (the Act), which amended the three strikes law effective November 7, 2012.  (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167.)  Before passage of the Act, a defendant convicted of two prior serious or violent felonies was subject to a 25-years-to-

3

life sentence upon his or her conviction of *any* additional felony. (*People v. Johnson* (2015) 61 Cal.4th 674, 680; *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1285.) However, the "Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor. In all other cases, the recidivist will be sentenced as a second strike offender." (*People v. Yearwood*, *supra*, at pp. 167-168; see § 1170.126, subd. (e)(1) [noting "[a]n inmate is eligible for resentencing if: [¶] [t]he inmate is serving an indeterminate term of life imprisonment . . . for a conviction of a felony or felonies that are *not* defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7" (italics added)].)

Here, as noted *ante*, defendant in his petition did *not* request a recall of sentence with respect to count 1. And for good reason. Pursuant to subdivision (c)(23) of section 1192.7, a "serious felony" includes "any felony in which the defendant personally used a dangerous or deadly w0eapon." Because defendant was convicted in 1995 of assault with a deadly weapon pursuant to section 245, subdivision (a)(1), which *included* an allegation under section 1192.7, subdivision (c)(23), we independently conclude defendant was ineligible under the Act for resentencing on count 1. (See § 1170.126, subd. (e)(1).)

Finally, a review of the entire record pursuant to *Wende*, *supra*, 25 Cal.3d 436 has disclosed no other reasonably arguable appellate issues in connection with defendant's motion.

4

DISPOSITION

The court's order denying defendant's motion is affirmed.


                                                        BENKE, Acting P. J.

WE CONCUR:


HALLER, J.


McDONALD, J.